```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

MARC DAGUPION,                  )      CIVIL NO. 11-00120 SOM/KSC
                                )
          Plaintiff,            )      ORDER DISMISSING COMPLAINT
                                )
     vs.                        )
                                )
GREEN TREE SERVICING, LLC,      )
NATIONAL CITY MORTGAGE CO., a   )
subsidiary of NATIONAL CITY     )
BANK,                           )
JOHN DOES 1-10,                 )
JANE DOES 1-10,                 )
DOE CORPORATIONS,               )
PARTNERSHIPS OR OTHER           )
ENTITIES 1-10.                  )
                                )
          Defendants.           )
                                )
```

## ORDER DISMISSING COMPLAINT

I.   INTRODUCTION AND FACTUAL BACKGROUND.

On February 24, 2011, Marc Dagupion filed the Complaint in this matter. Dagupion alleges that Green Tree Servicing, LLC ("Green Tree"), and National City Mortgage ("NCM") violated state and federal statutes in connection with a residential mortgage loan. PNC Bank, N.A. ("PNC"), is the successor by merger to NCM.

Because the Complaint lacks sufficient factual detail to support its claims against Defendants, Green Tree and PNC's motions to dismiss are granted without a hearing pursuant to Local Rule 7.2(d) and the Complaint is dismissed.

II.  STANDARD OF REVIEW.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors,

266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988. Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or

allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

III. BACKGROUND.

The Complaint contains very few factual details. It does not, for example, allege when the loan occurred or provide any information about the loan. In fact, the Complaint is similar to a number of Complaints filed by Dagupion's attorney that have been found wanting by the court. See, e.g. Levy v. Wells Fargo Bank, N.A., Civ. No. 11-00159 SOM/KSC, ECF No. 1.

While unclear, Dagupion seems to allege that NCM was his original lender. See Compl. ¶¶ 9, 14-16, ECF No. 1 (detailing wrongdoing by NCM in connection with the closing of the loan). It appears from the Complaint that NCM sold the note and mortgage to Green Tree at some point. See id. ¶ 12.

Green Tree and PNC have separately moved to dismiss Dagupion's Complaint. See ECF Nos. 12 & 16. Both Defendants attach to their motions various public record documents establishing that NCM was Dagupion's original lender and Green Tree was the assignee. For example, on April 17, 2007, a mortgage was recorded in the State of Hawaii Bureau of Conveyances. See Doc. No. 2007-068261, ECF No. 18, Ex. A. This document, which the court takes judicial notice of, indicates that, in April 2007, Dagupion gave a mortgage to NCM to secure a

4

$360,000 note.  See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (providing that, when ruling on a motion to dismiss, a court may take judicial notice of matters of public record outside the pleadings and consider those matters when adjudicating the motion to dismiss).  The court further takes judicial notice that, on April 6, 2010, PNC, successor to NCM, assigned the note and mortgage to Green Tree.  See Doc. No. 2010-045351, Apr. 6, 2010, ECF No. 18, Ex. C; Mir, 814 F.2d at 649.

Although Dagupion disputes the authenticity of these recorded documents, he admits in his opposition to the motion to dismiss that his original lender was NCM and that "his loans may have been sold, transferred, or assigned, *improperly* to undisclosed 3rd parties, including Green Tree."  See Opp'n at 2, 7, ECF No. 32.

The court notes that the opposition violates the court's local rules in several respects.  For example, the Opposition violates Local Rule 7.5(f) by failing to have a table of contents and table of authorities cited.  The Opposition also makes new allegations, which this court does not consider in the present order because Defendants were not on notice of them.  See Balagso v. Aurora Loan Servs., LLC, Civ. No. 11-00029 SOM/BMK, 2011 WL 2133709, at *3 (D. Haw. May 26, 2011).  Dagupion's counsel is warned that, if he violates these rules again, or if he continues to flout the court's local rules, he will be subject

to sanctions. This court has recently sanctioned Dagupion's counsel, Robin R. Horner, for failure to submit a timely opposition motion. See Enriquez v. Aurora Loan Servs., LLC, Civ. No. 10-00281 SOM/KSC, 2011 WL 1103808 (D. Haw. Mar. 22, 2011). Also in Enriquez, the court rejected Horner's boilerplate Complaint and cautioned him to consider filing amended Complaints in the future. See id. at *1. The Complaint in this case is virtually identical to the one dismissed in Enriquez. Horner has known for at least three months that this boilerplate Complaint was rejected by this court and yet never filed an Amended Complaint in this case.

IV.     ANALYSIS.

PNC and Green Tree seek dismissal of the Complaint, arguing that it fails to sufficiently allege a claim against them. This court agrees that Dagupion's Complaint fails to satisfy the minimal pleading standards set forth in Twombly and Iqbal, as it lacks facial plausibility.

    A.  Failure to Plead Facts as to Each Defendant.

PNC and Green Tree argue that the Complaint fails to make any particular allegations as to any Defendant and therefore fails to state a claim that is plausible on its face as to both Defendants. See Memo. in Support of Def. PNC at 2-3, ECF No. 17; Green Tree Mot. at 4-6, ECF No. 12. This court agrees.

The Complaint alleges that Dagupion received a mortgage

from NCM, and then refers vaguely to "Defendant or one or more of them," leaving completely unexplained how each Defendant allegedly participated in the post-mortgage events.  See, e.g., Compl. ¶¶ 41-48.  For example, Dagupion alleges that he has experienced financial hardship and attempted to negotiate with "defendant" to modify the loan.  Id. ¶¶ 36-39.  "Defendant" allegedly failed to provide Dagupion with a reasonable opportunity to modify the terms of his loan.  Id. ¶ 40.  It is unclear which Defendant Dagupion is referring to in these allegations.

Throughout his Complaint, Dagupion makes blanket statements and treats NCM and Green Tree interchangeably, even though they were involved in the loan at different stages. See Compl. ¶ 20 ("National and/or Green Tree failed to deal with Plaintiff in good faith); ¶ 22 ("National and/or Green Tree failed to provide Plaintiff Dagupion with signed and dated final truth in lending statement."); ¶ 31 ("National and/or Green Tree did not properly and timely disclose the applicable interest rate and/or annual percentage interest rate").  Given that the Complaint further lists as Defendants "John Does 1-10, Jane Does 1-10, and Doe Corporations, Partnerships and Other Entities 1-10," there is any number of possibilities as to who was involved in the mortgage events.

There are no allegations in the Complaint directed to

PNC in particular. As PNC's involvement with the subject property is a matter of public record, there is no reason Dagupion could not include some specific facts in his Complaint. Further, as many of the Complaint's allegations involve interactions Dagupion had with Defendants (e.g., Dagupion allegedly notified Defendants about issues with the origination of the loan and sought loan modification, Compl. ¶¶ 37-38), there is also no reason Dagupion could not identify specific Defendants more particularly in the Complaint.

Accordingly, the court finds that as a general matter, the Complaint fails to state a claim as to any Defendant. See also Cootey v. Countrywide Home Loans, Inc., Civ. No. 11-00512 JMS/KSC, 2011 WL 2441707, at *3-4 (D. Haw. June 14, 2011); Letvin v. Amera Mortg. Corp., Civ. No. 10-00539 JMS/KSC, 2011 WL 1603635, at *3-4 (D. Haw. Apr. 27, 2011).

B. Failure to Distinguish Between Green Tree & NCM.

The Complaint seeks damages from Green Tree for actions taken by NCM, the original lender. Although Dagupion's opposition states that "the wrongful acts and omissions . . . by National City are imputed to . . . Green Tree," the Complaint is devoid of any facts supporting such a claim. See Opp'n at 13, ECF No. 32.

Dagupion claims that Green Tree and other Defendants failed to provide him with requisite loan disclosures and to

properly "explain" the loan terms, even though he admits that he was notified of the assignment to Green Tree in November 2009, long after the loan origination in April 2007. See Compl. ¶ 11, 17, 19, 21-22. Dagupion moreover vaguely alleges, "The acts and/or omissions of defendant or one or more of them were known and/or should have been known to Green Tree and/or are imputed to Green Tree." Compl. ¶ 35.

It appears that Dagupion, through his counsel, Robin R. Horner, simply filed a "form complaint" and either did not realize the difference or did not bother to distinguish between NCM and Green Tree. In failing to recognize that PNC is the proper Defendant and that NCM and Green Tree held separate roles in the mortgage loan, Dagupion's counsel may have violated Rule 11(b)(2) and (3) of the Federal Rules of Civil Procedure. Horner was recently cautioned about complying with his Rule 11 obligations in connection with filing "form complaints" that presented deficient arguments previously rejected on multiple occasions by the court. See Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS/KSC, 2011 WL 2160679, at *3 (D. Haw. June 1, 2011). This judge once again cautions Horner to comply with his Rule 11 obligations in all future filings with this court. Any future filing that fails to comply with those obligations may result in serious repercussions, including but not limited to substantial financial sanctions.

To the extent the Complaint seeks to hold Green Tree liable for any federal or state violation based on the original lender's conduct, the Complaint is dismissed, as it is clear that Green Tree is not the original lender and there are no factual allegations in the Complaint supporting a claim that Green Tree should be held liable for the original lender's conduct.

To the extent the Complaint seeks to hold PNC liable for any federal or state violation, the Complaint is also dismissed, as general allegations of the Complaint for the most part lump NCM and Green Tree together. Such conclusory pleading fails to state a claim that is plausible on its face as to any specific Defendant.

The dismissal of these claims leaves for adjudication only state-law claims based on Defendants' alleged refusal to negotiate a loan modification in good faith. Because the court has dismissed the claims giving rise to federal question jurisdiction under 28 U.S.C. § 1331, and because the Complaint does not assert diversity jurisdiction under 28 U.S.C. § 1332, the court declines to exercise supplemental jurisdiction over the state law claims at this time. Accordingly, those claims are dismissed. See United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966).

Dagupion is granted leave to file an Amended Complaint no later than July 14, 2011. See Lopez v. Smith, 203 F.3d 1122,

1131 (9th Cir. 2000). In filing any such Amended Complaint, Dagupion may, through his counsel, reassert the claims asserted in the original Complaint, but must ensure that any such Amended Complaint meets the required minimal pleading standards. This means that, before simply reasserting claims, counsel should examine the relevant facts and tailor claims based on those facts. Having been cautioned against filing unwarranted claims, see Rey, 2011 WL 2160679, at *3, Dagupion's counsel should ensure that no unwarranted claims are asserted in any Amended Complaint. If, for example, a claim is barred by the relevant statute of limitation, it should not be asserted. If there is a legal theory under which Green Tree is liable for NCM's alleged actions, the facts supporting that theory should be alleged. If there is no legal justification for holding Green Tree liable for another company's conduct, a claim against Green Tree should not be asserted. Counsel is reminded that he must have a good faith basis for bringing specific claims to avoid possible sanctions. See, e.g., Holgate v. Baldwin, 425 F.3d 671, 676-77 (9th Cir. 2005); Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

Moreover, if Dagupion chooses to file an Amended Complaint, he must clearly state how each named Defendant has injured him. In other words, Dagupion should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief. Dagupion

11

should not include facts that are not directly relevant to his claims. A complaint that fails to explain which allegations are relevant to which defendant is confusing. This, in turn, "impose[s] unfair burdens on litigants and judges" because it requires both to waste time formulating their own best guesses of what the plaintiff may or may not have meant to assert, risking substantial confusion if their understanding is not equivalent to plaintiff's. See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Finally, because the claims asserted in various "form complaints" filed by Horner on behalf of his clients have been rejected numerous times, Dagupion should consider whether it is appropriate to assert them in this action at all. In reminding counsel about his Rule 11 obligations, this court expresses no inclination as to the validity of any claim Dagupion may assert. The court is not here prejudging Dagupion's possible claims, but merely requiring any Amended Complaint to assert only potentially valid claims that have some factual basis supporting them.

V.    CONCLUSION.

For the foregoing reasons, Defendants' motion to dismiss are GRANTED. Dagupion has until July 14, 2011 to file an Amended Complaint. Should Dagupion decide to prepare an Amended Complaint, Dagupion's counsel is strongly urged to meet the deficiencies identified in this order to avoid sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 23, 2011.



　　/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dagupion v. Green Tree Servicing, LLC, et al.; Civil No. 11-00120 SOM/KSC; ORDER DISMISSING COMPLAINT.