IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC DAGUPION,<br><br>      Plaintiff,<br><br>  vs.<br><br>GREEN TREE SERVICING, LLC;<br>NATIONAL CITY MORTGAGE CO., a<br>subsidiary of NATIONAL CITY<br>BANK, now known as PNC BANK,<br>NATIONAL ASSOCIATION; LOAN<br>NETWORK LLC; JOHN DOES 1-10,<br>JANE DOES 1-10; DOE<br>CORPORATIONS, PARTNERSHIPS OR<br>OTHER ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. 11-00120 SOM/KSC<br><br>ORDER DISMISSING FIRST<br>AMENDED COMPLAINT WITH<br>RESPECT TO DEFENDANT GREEN<br>TREE SERVICING, LLC |

ORDER DISMISSING FIRST AMENDED COMPLAINT
WITH RESPECT TO DEFENDANT GREEN TREE SERVICING, LLC

On July 14, 2011, Marc Dagupion filed a First Amended Complaint. Dagupion alleges that Green Tree Servicing, LLC, National City Mortgage, and Loan Network LLC violated state and federal statutes in connection with a residential mortgage loan. PNC Bank, N.A., is the successor by merger to National City Mortgage. See ECF No. 36. On July 28, 2011, Green Tree filed a motion to dismiss the First Amended Complaint with prejudice. See ECF No. 37.

On September 9, 2011, Dagupion filed a document that he titled "Plaintiff Marc Dagupion's Memorandum in Opposition to Defendant Green Tree Servicing, LLC's Motion to Dismiss First Amended Complaint." See ECF No. 39. Although titled as an

"Opposition," the document does not oppose Green Tree's motion, except in a conclusory fashion with no citations to the record or authority. Instead, the "Opposition" notes that Robin R. Horner, counsel for Dagupion, is too busy to "address every case and motion and pleading on [his] own and must rely on staff." See Opposition at 8. Now that Horner has actually reviewed this case, he states that "it is fairly clear to [Horner] that Dagupion needs to file a motion with the court for leave to amend the complaint further" to add a necessary party and clarify the allegations against Green Tree. Id. at 10-11. Horner says that he is in the process of preparing such a motion, id. at 11, and is not "going to attempt at this time to address all of the points raised by [Green Tree] in its motion to dismiss because [Horner] believe[s] the matter will be rendered moot by the prospective motion and proposed amended pleading." Id. at 12. Horner then "suggests" to the court that it "not spend a substantial amount of time attempting to criticize [Horner] for any frailties or purported defects in the pleading." Id. at 13.

In short, no substantive opposition to Green Tree's motion has been filed. Accordingly, the court grants Green Tree's motion to dismiss as unopposed without a hearing pursuant to Local Rule 7.2(d). Although Green Tree sought dismissal with prejudice, the dismissal of Green Tree is without prejudice.

Dagupion may file a motion seeking leave to file an attached Second Amended Complaint no later than September 29, 2011. The court is not suggesting that such a motion should or should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). In proposing a Second Amended Complaint, Horner should ensure that the required minimal pleading standards are met. This means that, before simply reasserting claims, counsel should examine the relevant facts and tailor claims based on those facts. For example, if Green Tree is being sued in a count, Dagupion must ensure that the factual and legal basis for holding Green Tree liable is sufficiently alleged. Having been cautioned against filing unwarranted claims and sanctioned in other cases, Dagupion's counsel should ensure that no unwarranted claims are asserted in any proposed Second Amended Complaint. If, for example, a claim is barred by the relevant statute of limitation, it should not be asserted. If there is no legal justification for holding Green Tree liable for another company's conduct, a claim against Green Tree should not be asserted. Finally, because the claims asserted in various "form complaints" filed by Horner on behalf of his clients have been rejected numerous times, Dagupion should consider whether it is appropriate to assert them in this action at all. In reminding

counsel about his Rule 11 obligations, this court expresses no inclination as to the validity of any claim Dagupion may attempt to assert.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, September 14, 2011.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dagupion v. Green Tree Servicing, LLC, et al.; Civil No. 11-00120 SOM/KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH RESPECT TO DEFENDANT GREEN TREE SERVICING, LLC