DAVID B. ROSEN (7152-0)
LAUREN M. AKITAKE (8858-0)
THE LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, HI 96813
Ph.:  (808) 523-9393
Fax: (808) 523-9595
rosenlaw@hawaii.rr.com
lakitake@rosenlawhawaii.com

Attorneys for Defendant PNC BANK, NATIONAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC DAGUPION,<br><br>        Plaintiff,<br><br>  v.<br><br>GREEN TREE SERVICING, LLC;<br>NATIONAL CITY MORTGAGE CO.,<br>a subsidiary of NATIONAL CITY<br>BANK now known as PNC BANK,<br>NATIONAL ASSOCIATION; LOAN<br>NETWORK LLC; JOHN DOES 1-10;<br>JANE DOES 1-10;  DOE<br>CORPORATIONS, PARTNERSHIPS<br>OR OTHER ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO.: CV11-00120 SOM-KSC<br><br>**DEFENDANT PNC BANK,<br>NATIONAL ASSOCIATION'S<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION FOR RULE 11<br>SANCTIONS** |

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT........................................................1

II.    STATEMENT OF FACTS.......................................................4

III.   STANDARD OF REVIEW......................................................8

IV.    ARGUMENT

    A.    Plaintiff Improperly Attempts to Assert Eight New Counts for the First Time in the First Amended Complaint Without Seeking Leave of Court.................................................................10

    B.    Plaintiff's Eight New Counts Are Without an Identifiable Basis in Fact and/or Are Not Supported by Existing Law.....................11

        1.    Count I - *"Violations of Home Ownership Equity Protection Act"*...............................................................11

        2.    Count VIII *"Civil Conspiracy and Aiding and Abetting"*.....13

        3.    Count IX *"Complaint to Quiet Title"*..............................14

        4.    Count X *"Usury and Fraud"*.....................................15

        5.    Count XI *"Violation of Hawaii Bureau of Conveyance Regulations"*............................................................16

        6.    Count XIX *"Violation of Gramm-Leach-Bliley Act"*..........17

        7.    Count XX *"Violation of the Hawaii Constitutional Right of Privacy"*..................................................................18

        8.    Count XXI *"Violation of Hawaii Revised Statutes Chapter 667"*......................................................................19

    C.    Plaintiff's Eleven Original Counts Still Fail the Minimal Pleading

i

Standards and Lack Sufficient Factual and Legal Support..................................................................20

1.      Count II "Violations of Real Estate Settlement Procedures Act".........................................................21

2.      Count III "Violations of Federal Truth-in-Lending Act"...22

3.      Count IV "Violation of Fair Credit Reporting Act".........25

4.      Count V "Fraudulent Misrepresentation"....................27

5.      Count VI "Breach of Fiduciary Duty".........................29

6.      Count VII "Unjust Enrichment"................................30

7.      Count XII "Mistake"...........................................31

8.      Count XIII "Unconscionability"...............................32

9.      Count XIV "Unfair and Deceptive Acts or Practices".......33

10.     Count XV "Failure to Act in Good Faith"....................35

11.     Count XVIII "Negligent and/or Intentional Infliction of Emotional Distress"............................................36

        a)      Plaintiffs fail to state a claim for Negligent Infliction of Emotional Distress.......................................36

        b)      Plaintiff fails to state a claim for Intentional Infliction of Emotional Distress.......................................37

V.      CONCLUSION..............................................................38

# TABLE OF AUTHORITIES

*AAA Haw., LLC v. Haw. Ins. Consultants, Ltd.*, No. 08-00299 DAE-BMK, 2008 U.S. Dist. LEXIS 92300 (D. Haw. Nov. 12, 2008)................................31

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)...............................18, 30, 32, 33, 34

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998)..................................24

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................................20, 30, 34, 35, 36

*Bowler v. Green Tree Servicing*, LLC, 2011 WL 320398 (E.D. Cal. 2011)...........18

*Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997)...............................11

*Casino v. Bank of America*, 2011 WL 1704100 (D. Haw. May 4, 2011)..............7

*Chace v. M&T Mortg. Corp.*, 2010 U.S. Dist. LEXIS 43752 (D. Idaho May 5, 2010)................................................................13

*Cootey v. Countrywide Home Loans, Inc.*, Civ. No. 11-00512 JMS/KSC, 2011 WL 241707 (D. Haw. June 14, 2011).........................................7

*David Burke, et al. v. County of Alameda*, No. 08-15658, 2009 U.S. App. LEXIS 24705 (9th Cir. 2009)..................................................37

*Diana I Am v. Nat'l City Mortg. Co.*, No. 09-00060 SOM/KSC, 2010 U.S. Dist. LEXIS 13606 (D. Haw. Feb. 17, 2010)....................................31

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996)...............................14

*Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956 (8th Cir. 2007)................18

iii

*Ellis v. Crockett*, 51 Haw. 45, 451 P.2d 814 (Haw. S. Ct.) 1969)……………..…….14

*Enriquez v. Aurora Loan Servs., LLC*, Civ. No. 10-00281 SOM/KSC, 2011 WL 1103808 (D. Haw. Mar. 22, 2011)……………………………………………….....6

*Farmer v. Hickam Fed.Credit Union, No. 27868*, 2010 Haw.App. LEXIS 39 (Haw. App. (ICA) Feb. 2, 2010)………………………………..……………………....14

*Fukikawa v. OneWest Bank, FSB dba Indymac Mortgage Services, etal.*, Civil No. 11-00151 HG/KSC……………………………………………………………7

*G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096 (9th Cir. 2003)…………10

*Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 U.S. Dist. LEXIS 33 (N.D. Cal. Jan. 3, 2011)………………………………………………….12

*Golden Eagle Distributing Corp.*, 801 F.2d 1531 (9th Cir. 1986)………….…….10

*Gonzalez v. First Franklin Loan Services*, 2010 WL 144862 (E.D. Cal. Jan. 11, 2010)………………………………………………...……...……………..36

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2002)……….26, 27

*Hamilton v. Bank of Blue Valley*, No. CV 10-1740 LJO, 2010 U.S. Dist. LEXIS 115430, 2010 WL 4222724 (E.D. Cal. Oct. 20, 2010)………………………12

*Hawaiian Crow ('Alala) v. Lujan*, 906 F.Supp. 549 (D. Haw. 1991)……………..10

*Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156 (9th Cir. 1987)………....…10

*Herschelman v.New Century Mortg. Corp.*, No. 09-00461 DAE-KSC, 2010 U.S. Dist. LEXIS 116185 (D. Haw. Oct. 29, 2010)………………………………..12

*Hutchinson v. Delaware Savings Bank FSB*, 410 F.Supp.2d 374 (D.N.J. 2006)…..22

*In re Tomasevic*, 273 B.R. 682 (Bankr.M.D.Fla.2002)……………………………22

iv

*Isagawa v. Homestreet Bank*, 769 F. Supp.2d 1225 (D. Haw. Feb. 14, 2011)..........................................................................15, 16, 29

*Kajitani v. Downey Sav. & Loan Ass'c.*, 647 F. Supp.2d 1208 (D. Haw. 2008)....................................................................................35

*Kapahu v. BAC Home Loans Servicing, LP*, 2010 WL 2734774 (D. Haw. July 8, 2010)...................................................................................6

*Katz v. Dime Sav.Bank, FSB*, 992 F.Supp. 250 (W.D.N.Y. 1997)...................22

*King v. California*, 784 F.2d 910 (9th Cir. 1986)...........................................25

*Laster, et al. v. AT&T Mobility L.L.C.,* No. 08-56394, 2009 U.S. App. LEXIS 23599 (9th Cir. 2009)..........................................................................32

*Letvin v. Amera Mortgage Corporation, etal.*, Civil No. 10-00539 JMS/KSC,2011 WL 1603635 (D. Haw. April 27, 2011)...................................................6

*Maria Moreno White v. Autozone*, No. 04-56824, 2006 U.S. App. LEXIS 32168 (9th Cir. 2006)..........................................................................32

*Mier v. Lordsman Inc.*, No. 10-00584 JMS-KSC, 2011 U.S. Dist. LEXIS 8484 (D. Haw. January 27, 2011)........................................13, 15, 23, 30, 33

*Miguel v. Country Funding Corp.*, 309 F.3d 1164 (9th Cir. 2002)...................24

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998)......................................7

*Porter v. Hu*, 116 Haw. 42, 169 P.3d 994 (Haw. App. (ICA) 2007)................32

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998)......................................6

*Phillips v. Bank of America*, No. 10-00551 JMS-KSC, 2011 U.S. Dist. LEXIS 6745 (D. Haw. January 21, 2011)................................................................23

*Rey v. Countrywide Home Loans, Inc.*, Civ. No. 11-00142 JMS/KSC, 2011 WL 2160679 (D. Haw. June 1, 2011)...........................................................7

*Rymal v. Bank of Am.*, 2011 U.S. Dist. LEXIS 39343 (D. Haw. Apr. 11, 2011)............................................................................................6

*Smith & Green Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098 (D. Nev. 2003)..............................................11

*Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, No. 06-0046 JMS/LEK, 2006 U.S. Dist. LEXIS 78335 (D. Haw. Oct. 25, 2006)...............................36

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007)......................16, 28

*Television Events & Mktg., Inc. v. AmconDistrib.Co.*, 488 F.Supp.2d 1071 (D. Haw. 2006)..........................................................................................35

*Uy. V. Wells Fargo Bank, N.A.*, 2011 WL 1235590 (D. Haw.2011)................25

*Valvanis v. Milgroom*, No. 06-00144 JMS-KSC, 2009 U.S. Dist. LEXIS 45707 (D. Haw. June 1, 2009)..........................................................................14

*Walters v. Fid. Mortg. Of Cal., Inc.*, Civ. No. S-09-3317 FCD/KJM, 2010 U.S. Dist. LEXIS 78531 (E.D. Cal. 2010)...................................................30

*Young v. Bishop Estate/Kamehameha Schools, et al.*, No. 09-00403 SOM-BMK, 2010 U.S. Dist. LEXIS 17474 (D. Haw. Feb. 26, 2010)...............16, 27, 37

*Young v. Buren, No. 28543*, 2010 Haw. App. LEXIS 587 (Haw. App. (ICA) Oct. 29, 2010)..........................................................................................14

## **STATUTES**

12 U.S.C. § 2605(e).................................................................................22

12 U.S.C. § 2607.....................................................................................22

12 U.S.C. § 2614.....................................................................................22

15 U.S.C. § 1601.....................................................................................23

15 U.S.C. § 1631………………………………………………........23

15 U.S.C. § 1635(f)…………………………………………....12, 24, 25

15 U.S.C. § 1640(e)………………………………………...….12, 25

15 U.S.C. § 1681s-2(b)…………………………………….……...26

15 U.S.C. § 1681s-2(b)(1)……………………………………….....26

Haw. Rev. Stat. § 478……………………………………….17, 18

Haw. Rev. Stat.   § 480-2(a)……………………………………...35

Haw. Rev. Stat.   § 481A-3…………………………………….33

Haw. Rev. Stat.   § 667……………………………….………....19

## **REGULATIONS**

12 C.F.R. § 222.41 (c)…………………………………………….26

12 C.F.R. § 226.2(a)(13)………………………………………….25

12 C.F.R. § 226.18…………………....……………………..…….23

12 C.F.R. § 226.23(a)(3)……………………………………....…..12

12 C.F.R. § 226.23(b)(1)....……………....………………....…....23

## **RULES**

Fed. R Civ P. 8…………………………………...………...19, 20, 34

Fed. R Civ P. 9(b)……………………………………....…16, 18, 27, 28

Fed. R Civ P. 11……………………………………....…………3, 9, 10, 11, 26, 38

Fed. R Civ. P. 15(a)……………………………………………………..11

**DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>MOTION FOR RULE 11 SANCTIONS</u>**

Defendant PNC BANK, NATIONAL ASSOCIATION ("PNC"), successor by merger to National City Mortgage ("NCM"), a division of National City Bank ("NCB") (incorrectly named in the Complaint as National City Mortgage Co.) ("NCMC")),[1] by and through its counsel, The Law Office of David B. Rosen, ALC, respectfully submits the following memorandum of points and authorities in support of its Motion for Rule 11 Sanctions ("Motion for Sanctions").

## I.   PRELIMINARY STATEMENT

The allegations made by Plaintiff MARC DAGUPION ("Plaintiff") in the original Complaint, filed February 24, 2011, failed to meet the minimal pleading standards, asserted unwarranted claims, including claims clearly barred by the applicable statute of limitations, and failed to differentiate among the named defendants.   As a result, PNC filed a Motion to Dismiss on April 20, 2011 ("Motion to Dismiss") and the Court issued its Order Dismissing Complaint on June 23, 2011 ("June 23, 2011 Order").

In the June 23, 2011 Order, the Court granted Plaintiff leave to file an

---

[1] NCM was the original lender under the subject note and original mortgagee under the subject mortgage and, therefore, PNC believes NCM was incorrectly named in the Complaint as "National City Mortgage Co."

1

amended complaint, subject to several conditions.  Specifically, the Court required that the amended complaint (1) meet the required minimal pleading standards, (2) assert no unwarranted claims (including, for example, claims barred by the applicable statute of limitations), (3) establish a good faith basis for bringing the claims, and (4) clearly state how each named Defendant has injured Plaintiff.  The Court also cautioned Plaintiff to comply with his Federal Rules of Civil Procedure ("FRCP") Rule 11 obligations, and that failure to do so may result in "serious repercussions," including "substantial financial sanctions."  *See* June 23, 2011 Order at pp.10–12.

On July 14, 2011, Plaintiff filed his First Amended Complaint ("FAC"), re-asserting several of the same claims in the original Complaint, as well as new claims for the first time without leave of Court.  As explained in further detail below, the claims set forth in the FAC still fail, among other things, to meet the minimal pleading standards under FRCP Rule 9, are unwarranted based on the applicable statute of limitations, and/or lack sufficient factual support (and therefore lack a good faith basis).  Defendant Green Tree Servicing, LLC ("Green Tree") filed a Motion to Dismiss on July 28, 2011.  PNC filed its Answer to the FAC on September 12, 2011.

In accordance with FRCP Rule 11(c)(1)(A), PNC enclosed a proposed Motion for Sanctions with its Rule 11 letter, dated September 7, 2011, served the

2

same on Attorney Robin R. Horner ("Attorney Horner") on September 7, 2011 (21 days prior to filing this Motion for Sanctions), and requested that he withdraw the FAC.  A true and correct copy of the September 7, 2011 letter with enclosures is attached hereto as **Exhibit A**.   Attorney Horner has not responded to PNC's September 7, 2011 Rule 11 letter within 21 days, nor has he dismissed the FAC as to PNC.

Thereafter, on September 14, 2011, the Court issued its Order Dismissing First Amended Complaint with Respect to Defendant Green Tree ("September 14, 2011 Order").  In the September 14, 2011 Order, the Court granted Green Tree's Motion to Dismiss without prejudice as unopposed.   In addition, the Court permitted Attorney Horner to file a motion for leave to file a second amended complaint no later than September 29, 2011, subject to certain additional conditions – for example, that "the required minimal pleading standards are met." On September 29, 2011, Dagupion filed his Motion for Leave to File Second Amended Complaint.

On September 30, 2011, PNC sent another letter to Attorney Horner advising him that PNC would stipulate to his filing of a second amended complaint *if* Dagupion: (1) immediately dismisses the FAC as to PNC, and (2) agrees to reimburse PNC for its attorneys' fees and costs to date in having to answer and otherwise respond/object to the original Complaint and FAC, which Attorney

3

Horner now admits were both deficient (*see* Dagupion's Opposition to Greentree's Motion to Dismiss).  A true and correct copy of the September 30, 2011 letter is attached hereto as **Exhibit B**.

Because (1) Dagupion has not responded to PNC's September 7, 2011 Rule 11 letter within 21 days, (2) has not withdrawn his FAC, (3) Dagupion's proposed Second Amended Complaint ("SAC") has not yet been filed and cannot be filed without leave of court, and (4) the claims in the FAC are still pending with respect to PNC, PNC submits the instant Motion for Rule 11 Sanctions.  The Court should impose sanctions against Plaintiff and Attorney Horner, as well as award Plaintiff its reasonable attorney's fees incurred in responding to Plaintiffs' Complaint and FAC.

## II.   STATEMENT OF FACTS

Plaintiff claims to have been a victim of a predatory and abusive mortgage loan scheme that caused the foreclosure of his residence located at 2087 Ulei Place, Wailuku, HI  96793 ("Property").  FAC, ¶ 12.  However, Plaintiff fails to allege sufficient facts to support this claim.  Indeed, Plaintiff's FAC is more notable for the allegations that it does not include.  For instance, Plaintiff does not dispute that he defaulted on his loan obligations, yet fails to mention this in the FAC.  In addition, Plaintiff fails to attach a single loan document as an exhibit,

even though those documents are crucial (and potentially fatal) to his claims.[2]

This comes as no surprise since Plaintiffs' counsel, Attorney Horner, has filed substantially similar complaints on behalf of other borrowers that have been rejected again and again by this Court:

1)   *Kapahu v. BAC Home Loans Servicing, LP*, 2010 WL 2734774 (D. Haw. July 8, 2010) (Judge Seabright presiding and dismissing a similar complaint *filed by Attorney Horner*).

2)   *Enriquez v. Aurora Loan Servs., LLC*, Civ. No. 10-00281 SOM/KSC, 2011 WL 1103808 (D. Haw. Mar. 22, 2011).  Chief Judge Mollway dismissed plaintiff's complaint *filed by Attorney Horner* "for failure to meet the minimal pleading standards." *Id.*, *3.  The Court further stated:

> While this court would normally give Plaintiffs leave to file an amended complaint without requiring advance submission of a proposed amended complaint, *the effort Plaintiffs have demonstrated to this point is so minimal that initial judicial review of any proposed amended complaint is appropriate to ensure that this case will proceed in an orderly course.* Plaintiffs may not simply file an amended complaint, but must instead file a motion seeking leave to file an attached amended complaint.

*Id.* (emphasis added).

---

[2]  Plaintiff's limited pleading approach in the FAC is not accidental.  The most basic facts about the loan transaction, such as the closing date, and the key loan documents that evidence these facts, such as the subject mortgage and note, are fatal to Plaintiff's claims.  Plaintiff cannot survive another motion to dismiss for failure to state a claim by "deliberately omitting references to documents upon which [his] claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

5

3)   *Rymal v. Bank of America*, 2011 WL 1361441 (D. Haw. Apr. 11, 2011) (Judge Ezra presiding and dismissing a similar complaint ***filed by Attorney Horner***).

4)   *Letvin v. Amera Mortgage Corporation, etal.*, Civil No. 10-00539 JMS/KSC, 2011 WL 1603635 (D. Haw. April 27, 2011). In *Letvin*, Judge Seabright granted PNC Mortgage's motion to dismiss over a similar opposition ***filed by Attorney Horner*** and request for further discovery as provided herein. *Id.*, *7. The Court commented on the deficient nature of the complaint:

> … the Complaint asserts that Plaintiff received a mortgage from Amera, and then refers vaguely to subsequent "investors or purchasers of his loan," "banks and lenders," and "defendants," ***leaving completely unanswered how each Defendant participated*** in the post-mortgage events.

*Id.*, *3.   Leave to amend was granted, however, no amended complaint was filed and the case was dismissed on June 1, 2011, and Judgment was entered on June 8, 2011.

5)   *Casino v. Bank of America*, 2011 WL 1704100 (D. Haw. May 4, 2011) (Chief Judge Mollway presiding and dismissing a similar complaint ***filed by Attorney Horner***).

6)   *Rey v. Countrywide Home Loans, Inc.*, Civ. No. 11-00142 JMS/KSC, 2011 WL 2160679 (D. Haw. June 1, 2011) (Judge Seabright presiding and dismissing a similar complaint ***filed by Attorney Horner***).

7)   *Cootey v. Countrywide Home Loans, Inc.*, Civ. No. 11-00512 JMS/KSC, 2011 WL 241707 (D. Haw. June 14, 2011) (Judge Seabright presiding and dismissing a similar complaint ***filed by Attorney Horner***) ("As this court has warned Plaintiffs' counsel once already in *Rey,* these deficient complaints result in a waste of parties' and this court's resources, and Plaintiffs' counsel must be mindful of his duty to bring claims that are 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.' Fed.R.Civ.P. 11(b)(2).").

8)  *Fukikawa v. OneWest Bank, FSB dba Indymac Mortgage Services, etal.*, Civil No. 11-00151 HG/KSC (Judge Gillmore presiding and dismissing similar complaint **filed by Attorney Horner**, with leave to file a motion to amend).

Here, the relevant documents reflect that NCM loaned $360,000.00 to Plaintiff (the "Loan"). *See* PNC's Request for Judicial Notice ("RJN"), Ex. B, previously filed with the Court on April 20, 2011. The Loan was secured by a mortgage executed on April 10, 2007 ("Mortgage"), which encumbers the Property. *Id.* The Mortgage was recorded in the Bureau of Conveyances, State of Hawaii, on April 17, 2007, as Document No. 2007-068261. *Id.*

Ignoring these essential facts, Plaintiff's FAC asserts nineteen counts against PNC, eight of which are new counts (indicated in **bold italics**) asserted for the first time in the FAC, as follows:

(1)  Count I "***Violations of Home Ownership Equity Protection Act***";

(2)  Count II "Violations of Real Estate Settlement Procedures Act";

(3)  Count III "Violations of Federal Truth-in-Lending Act";

(4)  Count IV "Violation of Fair Credit Reporting Act";

(5)  Count V "Fraudulent Misrepresentation";

(6)  Count VI "Breach of Fiduciary Duty";

(7)  Count VII "Unjust Enrichment";

(8)  Count VIII "***Civil Conspiracy and Aiding and Abetting***";

7

(9)     Count IX *"Complaint to Quiet Title"*;

(10)    Count X *"Usury and Fraud"*;

(11)    Count XI *"Violation of Hawaii Bureau of Conveyance Regulations"*;

(12)    Count XII "Mistake";

(13)    Count XIII "Unconscionability";

(14)    Count XIV "Unfair and Deceptive Acts or Practices";

(15)    Count XV "Failure to Act in Good Faith";

(16)    Count XVIII "Negligent and/or Intentional Infliction of Emotional Distress";

(17)    Count XIX *"Violation of Gramm-Leach-Bliley Act"*;

(18)    Count XX *"Violation of the Hawaii Constitutional Right of Privacy"*; and

(19)    Count XXI *"Violation of Hawaii Revised Statutes Chapter 667"*

*See* Plaintiff's FAC.

## III.    STANDARD OF REVIEW

FRCP Rule 11 sanctions play an integral role in the deterrence of costly and meritless abuses of the litigation process.   As explained by the Advisory Committee, the language of Rule 11 "stresses the need for some profiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Advisory Committee Note, 97 F.R.D. 165, 198 (1983).   Specifically, the rule provides, in pertinent part:

8

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FRCP 11(b).

In determining whether a party has complied with the rule, the court applies a standard of "objective reasonableness under the circumstances." *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987). *See also Hawaiian Crow ('Alala) v. Lujan*, 906 F.Supp. 549, 552 (D. Haw. 1991). In other words, to satisfy Rule 11, the position taken by the filing party must support an objectively reasonable belief that the position is soundly based in law and in fact. *Golden Eagle Distributing Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). Thus, the

subjective good faith of a party does not provide protection from the imposition of sanctions. *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Rule 11 sanctions are appropriate when a motion or pleading "is frivolous, legally unreasonable, or brought for an improper purpose." *Smith & Green Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003) (citations omitted). A paper is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

In sum, Rule 11 compliance occurs when a party performs a pre-filing investigation of the applicable law and relevant facts, and thereafter presents an argument well founded in both, and the party's actions are deemed objectively reasonable. As explained below, Attorney Horner failed to comply with Rule 11 in this case and in the others referenced above. *Supra*, pp. 5-6.

## IV.   ARGUMENT

### A.   Plaintiff Improperly Attempts to Assert Eight New Counts for the First Time in the First Amended Complaint Without Seeking Leave of Court.

As a threshold matter, Plaintiff improperly seeks to add eight new counts in the FAC that were not made in the original Complaint. FRCP Rule 15(a) provides that where the amendment is not as a matter of course, "a party may amend its

pleading only with the opposing party's written consent or the court's leave."

While the Court granted Plaintiff leave to file an amended complaint in the June 23, 2011 Order, it did not expressly grant Plaintiff leave to add new counts to the amended complaint. *See* June 23, 2011 Order. Accordingly, Plaintiff's eight new counts should be dismissed from the FAC.

**B.     Plaintiff's Eight New Counts Are Without an Identifiable Basis in Fact and/or Are Not Supported by Existing Law.**

Even if the Court were to consider Plaintiff's eight new counts, it would find that they are without an identifiable basis in fact and/or are not supported by existing law. For purposes of this memorandum and brevity, PNC will not reiterate all of Plaintiff's claims in the FAC that fail. Rather, PNC will summarize why each of the eight new counts in the FAC fail. *In fact, the Court has already addressed many of the defects in these claims in its September 14, 2011 Order.*

**1.     Count I - *"Violations of Home Ownership Equity Protection Act"***

Plaintiff alleges that PNC violated his consumer rights under the Home Ownership Equity Protection Act ("HOEPA"). *See* FAC ¶ 77. However, "HOEPA is not itself an independent regulatory scheme, but is rather an amendment to TILA." *Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 U.S. Dist. LEXIS 33, at *18-19 (N.D. Cal. Jan. 3, 2011). Accordingly, "[c]laims under HOEPA are governed by the same statute of limitations as are

11

claims under TILA: three years for claims seeking rescission and one year for claims seeking damages." *Herschelman v. New Century Mortg. Corp.*, No. 09-00461 DAE-KSC, 2010 U.S. Dist. LEXIS 116185, at n.3 (D. Haw. Oct. 29, 2010) (citing 15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3)) (citing *Hamilton v. Bank of Blue Valley*, No. CV 10-1740 LJO, 2010 U.S. Dist. LEXIS 115430, 2010 WL 4222724, at *15 (E.D. Cal. Oct. 20, 2010)).  The clock begins running from the date that the loan documents are signed.  *See Chace v. M&T Mortg. Corp.*, 2010 U.S. Dist. LEXIS 43752, at *4-5 (D. Idaho May 5, 2010) ("Actions for civil liability under TILA and HOEPA must be brought within one year from the date loan documents are signed -- when the required disclosures should have occurred."); *Mier v. Lordsman Inc.*, 2011 U.S. Dist. LEXIS 8484, at *18 (D. Haw. Jan. 26, 2011); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("[A]s a general rule[, the TILA] limitations period starts [to run] at the consummation of the transaction.")).

Here, the Note, Mortgage, and other documents at Loan closing were executed by Plaintiff on April 17, 2007.  *See* RJN, Exs. A and B.  Thus, Plaintiff had until April 17, 2008 to bring a damages claim, and until April 17, 2010, at the latest, to bring a rescission claim.  Plaintiff, however, did not file the Complaint until February 24, 2011 and the FAC until July 14, 2011.  As a result, Plaintiff's claims under HOEPA for both damages and rescission are time barred.

### 2.    Count VIII *"Civil Conspiracy and Aiding and Abetting"*

In Count VIII of the FAC, Plaintiff claims that Defendants engaged in "a conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiff." FAC ¶ 130. "In general, the common law tort of civil conspiracy has three elements: (1) the formation of a conspiracy; (2) wrongful conduct in furtherance of the conspiracy, *i.e.*, an actionable claim based upon deceit; and (3) damage." *Valvanis v. Milgroom*, No. 06-00144 JMS-KSC, 2009 U.S. Dist. LEXIS 45707, at *29 (D. Haw. June 1, 2009) (citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996)). "[T]here can be no civil claim based upon a conspiracy alone." *Young v. Buren, No. 28543*, 2010 Haw. App. LEXIS 587, at *14 (Haw. App. (ICA) Oct. 29, 2010) (quoting *Ellis v. Crockett*, 51 Haw. 45, 57, 451 P.2d 814, 822 (Haw. (S. Ct.) 1969)). In other words, "[f]or a civil conspiracy claim to be valid, an underlying tort must be shown." *Farmer v. Hickam Fed.Credit Union, No. 27868*, 2010 Haw. App. LEXIS 39, at *45 (Haw. App. (ICA) Feb. 2, 2010). Without such an underlying tort, a civil conspiracy claim must be dismissed. *See id.* (affirming dismissal of civil conspiracy claim because plaintiff's tort claims had been rejected). Because Plaintiff's claim for conspiracy stands alone, without reference to any other claim, his claim for civil conspiracy and aiding and abetting cannot survive.

13

### 3.    Count IX *"Complaint to Quiet Title"*

Plaintiff's claim to "quite title" is apparently based on (1) his purported delivery to PNC of certain "Qualified Writing Requests", (2) a "notice" of his intent to rescind the subject loan transaction, and (3) the "real party in interest" being "the owner of the asset-backed security issued by the SPV." FAC ¶ 135 – 136.  These allegations are too speculative to state a plausible claim.

Plaintiff failed to allege sufficient facts regarding the parties' varying interest in the Property.  *See Iqbal*, 129 S. Ct. at 1949 (explaining that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient); *see also Isagawa v. Homestreet Bank*, 769 F. Supp.2d 1225, 1239 (D. Haw. Feb. 14, 2011) (dismissing plaintiff's quiet title claim for failing to plead any facts suggesting what interests are being claimed by defendants and merely reciting elements of a quiet title claim).

In addition, Plaintiff does not state that he is willing and able to tender the entire amount of indebtedness.  *See Mier v. Lordsman Inc.*, 2011 WL 285862, at *13 (D. Haw. Jan. 17, 2011) ("to assert a claim for 'quiet title' against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness").  Thus, Plaintiff's "quiet title" claim fails.  *Plaintiff's proposed SAC, which continues to assert this claim against PNC, is equally deficient for the same reasons stated above.*

14

### 4.   Count X "*Usury and Fraud*"

Plaintiff alleges in Count X that PNC structured the "subject alone [*sic*], note, and mortgage … so as to create the appearance of a higher value of the real property than the actual fair market value." FAC ¶ 145.  Plaintiff also alleges that this created appearance "was in fact a sham to use Plaintiff's interest in the real property to collect interest in excess of the legal rate." FAC ¶ 149.

Under FRCP Rule 9(b), a party asserting fraud is required to "state with particularity the circumstances constituting fraud." *Young v. Bishop Estate/Kamehameha Schools, et al.*, No. 09-00403 SOM-BMK, 2010 U.S. Dist. LEXIS 17474, at *7 (D. Haw. Feb. 26, 2010).  The complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* at *7-8.  This requirement is necessary to give defendants notice of the particular misconduct so they can defend against the charge. *Id.* at *8.

"Where multiple defendants are accused of fraud, 'the complaint must identify false statements made by each and every defendant.'" *Id.* (quoting *Swartz*, 476 F.3d at 764).  Rule 9(b) prevents a plaintiff from simply lumping multiple defendants together. *Id.*  Instead, Rule 9(b) "requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

15

Plaintiff's claim for fraud does not satisfy Rule 9(b)'s standard. Not once does Plaintiff identify an action conducted by PNC. Instead the FAC lumps the Defendants together. None of the allegations state the time, place, or specific content of the alleged misrepresentations. The FAC instead states the elements of a usury and fraud claim and makes conclusory allegations. As such, the FAC states mere "legal conclusions" that are "entitled to no weight." *See Isagawa v. HomeStreet Bank*, No. 10-00508 DAE-BMK, 2011 U.S. Dist. LEXIS 7753, at *13 (D. Haw. Jan. 25, 2011) (dismissing fraud claim in similar action where plaintiff had "fail[ed] to plead the time and place of any alleged fraud and they also d[id] not specify what role each defendant played in the alleged misconduct"). Rule 9(b) does not permit such pleading.

Additionally, under Chapter 478 of the Hawaii Revised Statutes ("HRS"), a mortgage lender is exempt from the laws on Interest and Usury if the indebtedness held by the mortgage lender is secured by a first mortgage lien on real property. PNC held a first mortgage lien on Plaintiff's Property and, therefore, is exempt under HRS Chapter 478. Consequently, Count X fails.

5.    **Count XI** *"Violation of Hawaii Bureau of Conveyance Regulations"*

Plaintiff claims in Count XI that the mortgage has been traded (sold) and that MERS "should have filed a SMRF [special mortgage recording fee] and an assignment of mortgage for each assignment of sale." FAC ¶ 154. According to

16

Plaintiff, unspecified Defendants violated Hawaii law by seeking to foreclose "without possessing legally enforceable, recorded assignment of mortgages from the actual mortgagees." *Id.* ¶ 155. Such violation, Plaintiff alleges, "prohibits MERS from exercising any judicial procedures against the borrower," and has caused the Plaintiff to suffer damages. *Id.* ¶¶ 159, 160.

Plaintiff's claim is unintelligible and refers to MERS, a non-party to this suit. PNC has not found any authority indicating that a private right of action can be asserted in connection with this regulation. The regulation does not authorize any of the relief to which Plaintiff claims he is entitled. Accordingly, Plaintiff's claim fails.

### 6.    Count XIX "*Violation of Gramm-Leach-Bliley Act*"

Plaintiff alleges that certain unspecified Defendants did not provide him with the "mandatory notices" as required under the Gramm-Leach-Bliley Act. FAC ¶ 197. Plaintiff further alleges that his "private financial information has been disclosed to non affiliated parties." FAC ¶ 198.

First, Plaintiff's vague and conclusory allegations do not meet the notice-pleading standards of FRCP Rule 8. Plaintiff does not identify the type of information that was disclosed or the recipient of any purported disclosure. Such "naked assertions" devoid of "further factual enhancement" do not satisfy the

pleading requirements of FRCP Rule 8. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 577).

In addition, a private right of action does not exist under the Gramm-Leach-Bliley Act. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *Bowler v. Green Tree Servicing*, LLC, 2011 WL 320398, *3 (E.D. Cal. 2011). Therefore, Plaintiff lacks standing to bring a claim under the statute and Count XIX fails.

### 7. Count XX *"Violation of the Hawaii Constitutional Right of Privacy"*

Plaintiff alleges in Count XX that certain unspecified Defendants violated the Hawaii Constitutional Right of Privacy by failing to "provide any notices or protect the right of privacy of Plaintiff in that confidential personal and private financial information was disclosed to non affiliated third parties." FAC ¶ 202. It appears that Plaintiff simply copied his claim for violation of the Gramm-Leach-Bliley Act and pasted it into a separate cause of action for alleged privacy violations. *Cf.* FAC ¶¶ 198 and 203. For the same reasons the Gramm-Leach-Bliley claim fails, the privacy claim fails for being too vague and conclusory to satisfy FRCP Rule 8. The FAC does not identify the information that was disclosed or the recipient of any disclosures and, thus, Count XX fails.

### 8.   Count XXI "*Violation of Hawaii Revised Statutes Chapter 667*"

Plaintiff alleges in Count XXI that PNC violated HRS Chapter 667 by:  (1) not being represented by a qualified attorney; (2) by not publishing the notice of intent to foreclose once in each of three successive weeks the last to be not less than 14 days before the date of sale in a newspaper; and (3) by not notifying Plaintiff at least 21 days before the date of sale.  *See* FAC ¶ 206.  Plaintiff also asserts that the foreclosure is invalid and that he is entitled to one or more of the following: return of the Property, damages, and attorneys' fees.  *See* FAC ¶ 208.

These allegations fail to state a cognizable claim for relief against PNC and fail as a matter of law.  First, PNC Bank was represented by a qualified attorney in the non-judicial foreclosure.  HRS §667-5 requires that, "the mortgagee, successor, or person" initiating the foreclosure under power of sale, "shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State." HRS § 667-5.  The NOI clearly identifies "Derek Wong, attorney for Mortgagee," and lists his contact information in Hawaii.  *See* RJN, Ex. D, p. 2.  In addition, the NOI is signed by Derek Wong and the notary of his signature evidences that Derek Wong signed the NOI in the City and County of Honolulu, State of Hawaii.  *Id.* p. 2.

Plaintiff's second and third allegations regarding notice and publishing of the NOI also fail based on the information contained in the Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Mortgagee's Affidavit"). *See* RJN, Ex. E. The Mortgagee's Affidavit, signed and sworn under oath by Derek Wong, as attorney for PNC, evidences PNC's actions in foreclosing its interest in the Property. These actions include (1) causing the NOI to be posted on the Property "[n]ot less than 21 days before the date of the public auction sale," as evidenced by the Return of Posting that shows August 10, 2010 as the date of posting (RJN, Ex. E at p. 9 and Ex. D); and (2) publishing the NOI in the Honolulu Advertiser "[o]nce in each of three successive weeks, with the last publication having been not less than 14 days before the date of the public auction sale…," as evidenced by a copy of the published notice and Affidavit of Publication (RJN, Ex. E at p. 10 and Ex. E). Therefore, Count XXI fails.

### C.   Plaintiff's Eleven Original Counts Still Fail the Minimal Pleading Standards and Lack Sufficient Factual and Legal Support.

Plaintiff re-asserts the eleven original counts previously asserted (and dismissed by the Court) in Plaintiff's original Complaint. Plaintiff has done almost nothing to attempt to cure the defects of these claims (1) despite the arguments presented in PNC's Motion to Dismiss, and (2) the Court's reasoning and direction presented in the June 23, 2011 Order. *Moreover, Plaintiff's proposed SAC still*

*fails to address these defects despite the Court's further admonishment in its September 14, 2011 Order.*  PNC will address each original count, in turn.

### 1. Count II "Violations of Real Estate Settlement Procedures Act"

Any action pursuant to Section 2607 of RESPA must be brought within one year of the violation.  12 U.S.C. § 2614.  Plaintiff asserts that PNC is in violation of 12 U.S.C. § 2607 by accepting "charges for the rendering of real estate services which were in fact charges for other than services actually performed."  (FAC, ¶ 86.)  This alleged violation must have taken place, if at all, at the time of the origination of the Loan on April 10, 2007.  Plaintiff did not file his FAC until July 14, 2011, more than four years after the alleged violation.  Consequently, Plaintiff's claim for damages under RESPA is time barred.

Plaintiff further bases his claim for damages under RESPA on alleged failures by Defendant PNC to take action within 60 days in response to his "qualified written requests" to Defendant GreenTree under 12 U.S.C. § 2605(e).  *See* FAC, ¶¶ 89 and 91.  Not only does Plaintiff not assert that a QWR was sent to PNC, but Plaintiff has also not pled any facts that indicate he suffered actual or pecuniary loss as a result of PNC's alleged failures under RESPA.  Plaintiff's FAC does allege that PNC is in violation of 12 U.S.C. § 2607 by accepting "charges for the rendering of real estate services which were in fact charges for other than

services actually performed." (FAC, ¶ 86)  However, this statement is conclusory without any explanation of the factual circumstances; *i.e.*, no specific improper charge is identified.  Therefore, Plaintiff cannot establish a claim against PNC for actual damages under RESPA.  "Actual damages are limited to economic pecuniary injury ... [i]n other words, the plaintiff must establish that the economic injury was proximately caused by the bank's violation of [RESPA]." *In re Tomasevic*, 273 B.R. 682, 688 (Bankr. M.D. Fla. 2002); *See also Katz v. Dime Sav. Bank, FSB*, 992 F. Supp. 250 (W.D. N.Y. 1997); *Hutchinson v. Delaware Savings Bank FSB*, 410 F. Supp.2d 374 (D. N.J. 2006).

In addition, Plaintiff alleges that PNC violated RESPA by failing to provide him with a special information book in connection with the Loan transaction. FAC, ¶¶ 93 – 94.  Even if this were true, Plaintiff fails to state a plausible claim. There is no private right of action under RESPA for failure to provide a special information book. *See Mier v. Lordsman Inc.*, No. 10-00584 JMS-KSC, 2011 U.S. Dist. LEXIS 8484, at *24 n.6 (D. Haw. January 27, 2011); *Phillips v. Bank of America*, No. 10-00551 JMS-KSC, 2011 U.S. Dist. LEXIS 6745, at *24-25, n.6 (D. Haw. January 21, 2011).  Accordingly, Plaintiff's RESPA claims fail.  *Again, Plaintiff's proposed SAC, which continues to assert this claim against PNC, is equally deficient for the same reasons stated above.*

22

### 2.   Count III "Violations of Federal Truth-in-Lending Act"

Plaintiff's rescission right and claim for damages under TILA are time-barred. TILA and Regulation Z require lenders in closed-end credit transactions to provide borrowers with certain disclosures, so that borrowers are fully informed about the cost of credit before they decide to consummate a loan. *See* 15 U.S.C. §§ 1601, 1631; 12 C.F.R. § 226.18. Generally, for closed-end credit transactions these disclosures fall into two categories: material disclosures (including the amount financed, the finance charge, and the loan's annual percentage rate) and notice of a right to cancel. *See* 12 C.F.R. § 226.18. The notice of right to cancel must inform a borrower about the right of rescission, how to exercise that right, the effects of rescission, and the date the rescission window closes. *See id.*, § 226.23(b)(1).

The borrower's right to rescind the transaction has limits. Section 1635(f) of TILA extinguishes a borrower's right of rescission at the latest, three years after consummation[3] of the loan:

An obligor's right of rescission shall expire three years after the date

_____

[3] Consummation occurs when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Therefore, consummation occurs when the relevant loan documents are executed – here, on April 10, 2007. *See* RJN, Ex. A.

of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor…

15 U.S.C. § 1635(f); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411-412 (1998).  Because this is a Statute of Repose, courts lack subject matter jurisdiction to hear claims brought outside the three-year limitations period.  *See Miguel v. Country Funding Corp.*, 309 F.3d *1161*, 1164 (9th Cir. 2002).

Here, Plaintiff does not allege – nor can he allege consistent with FRCP Rule 11 – that his loan originated within three years of the Complaint filed on February 24, 2011 or the FAC filed on July 14, 2011.  The Mortgage was executed in April 2007.  *See* RJN, *Exhibit A*.  Thus, any claim for rescission under TILA would have expired in February or April 2010.

Even if Plaintiff filed this FAC within three years of the loan closing – which he did not – his claim still fails because the Property was sold before the FAC was filed.  "An obligor's right of rescission shall expire three years after the date of consummation of the transaction ***or upon the sale of the property, whichever occurs first***…".  *See* 15 U.S.C. § 1635(f) (emphasis added).  The Property was sold at public auction on November 22, 2010.[4]  Accordingly,

---

[4] The Mortgagee's Affidavit evidencing said sale was recorded on December 1, 2010, and the Mortgagee's Quitclaim Deed Pursuant to Power of Sale ("Deed")

24

Plaintiff's right of rescission expired on the date the Property sold.

Plaintiff's claim for damages under TILA is, likewise, time-barred. The ability to seek damages for violations of TILA is subject to a one-year statute of limitations. 15 U.S.C. §1640(e). The law in this circuit is well settled that the limitations period in Section 1640(e) begins to run from the date the loan is consummated. *Uy. v. Wells Fargo Bank, N.A.*, 2011 WL 1235590 *7 (D. Haw. 2011) (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)).

Here, the loan transaction was consummated in April 2007. RJN, Ex. A. Consequently, the statute of limitations imposed by section 1640(e) bars any claim for damages under TILA that is initiated after April 2008. Here, Plaintiff filed his Complaint and FAC in 2011 and, therefore, missed his window to bring a cause of action for damages under TILA. Accordingly, Plaintiff's TILA claims fail.

### 3. Count IV "Violation of Fair Credit Reporting Act"

Although Plaintiff claims that certain unspecified Defendants violated the Fair Credit Reporting Act ("FCRA"), he fails to distinguish which Defendant violated FCRA and any facts that would give rise to a private right of action. The Ninth Circuit has held that FCRA "expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman v. Wolpoff &*

---

that conveyed the Property to Federal National Mortgage Association was recorded on December 9, 2010. RJN, Exs. D-F.

*Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2002).  However, this private right of action is limited to claims arising under 15 U.S.C. § 1681s-2(b).  *Id.*  The relevant statute, 15 U.S.C. § 1681s-2(b), sets forth the duties of furnishers of information upon notice of a dispute.  Under the plain language of the statute, a "furnisher of information" has no duty under FCRA until it receives notice of a dispute from a consumer reporting agency.[5]  *See* 15 U.S.C. § 1681s-2(b)(1) (stating that a furnisher of information's duties upon notice of a dispute are only triggered after the furnisher receives a notice from a consumer reporting agency of a dispute regarding any information provided by the furnisher of information); *Gorman*, 584 F.3d at 1154 (noting that a furnisher of information's duties under 15 U.S.C § 1681s-2(b) are only triggered by a notice of a dispute received from a consumer reporting agency).

Therefore, the threshold question in determining whether Plaintiff has stated a claim under 15 U.S.C. § 1681s-2(b) is whether Plaintiff has alleged facts sufficient to demonstrate that Defendants' duties as a "furnisher of information" have been triggered.  Here, Plaintiff does not allege that PNC received any notice of the disputed information from any of the consumer reporting agencies.  Indeed,

---

[5]  A furnisher of information is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."  12 C.F.R. § 222.41(C).

Plaintiff fails to allege any prohibited conduct by PNC.  Consequently, Plaintiff's FCRA claim must fail.

### 4.    Count V "Fraudulent Misrepresentation"

Plaintiff alleges in Count V that PNC "knowingly and intentionally concealed material information," and "materially misrepresented material information."  FAC ¶¶ 109-110.  Plaintiff also alleges that such "material omissions" and "material misrepresentations" were "malicious."  FAC ¶ 112.

Under FRCP Rule 9(b), a party asserting fraud is required to "state with particularity the circumstances constituting fraud."  *Young v. Bishop Estate/Kamehameha Schools, et al.*, No. 09-00403 SOM-BMK, 2010 U.S. Dist. LEXIS 17474, at *7 (D. Haw. Feb. 26, 2010).  The complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Id.* at *7-8.  This requirement is necessary to give defendants notice of the particular misconduct so they can defend against the charge.  *Id.* at *8.

"Where multiple defendants are accused of fraud, 'the complaint must identify false statements made by each and every defendant.'"  *Id.* (quoting *Swartz*, 476 F.3d at 764).  Rule 9(b) prevents a plaintiff from simply lumping multiple defendants together.  *Id.*  Instead, Rule 9(b) "requires plaintiffs to differentiate their

27

allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

In this case, Plaintiffs point to the following laundry list of generic "omissions of material fact and/or . . . material misrepresentation of material facts:"

(a)  Concealing the failure to follow usual and customary underwriting guidelines to qualify Plaintiff for a loan;

(b)  Misrepresenting and/or concealing the true terms of the loan;

(c)  Misrepresenting and/or concealing the true amount of interest Plaintiff would have to pay over the life of the loan;

(d)  Concealing that property values were declining and would likely continue to do in the foreseeable future;

(e)  Concealing that Plaintiff would likely experience mortgage payment distress and had a high likelihood of defaulting on the note;

(f)  Concealing that there would not be sufficient equity in the Property to refinance the loan; and

(g)  Concealing that Defendants would wrongfully, improperly, and illegally report negative information as to the plaintiff to one of more credit reporting agencies, resulting in plaintiff having negative information on their credit reports and the lowering of their FICO scores such that they would not be able to qualify in the future to refinance the subject loan.

FAC ¶ 111.

Plaintiff's claim for fraud does not satisfy Rule 9(b)'s standard.  Not once does Plaintiff identify an action conducted by PNC, specifically.  None of the

allegations state the time, place, or specific content of the alleged misrepresentations. The FAC instead states the elements of a fraud claim and makes conclusory allegations. As such, the FAC states mere "legal conclusions" that are "entitled to no weight." *See Isagawa v. HomeStreet Bank*, No. 10-00508 DAE-BMK, 2011 U.S. Dist. LEXIS 7753, at *13 (D. Haw. Jan. 25, 2011) (dismissing fraud claim in similar action where plaintiff had "fail[ed] to plead the time and place of any alleged fraud and they also d[id] not specify what role each defendant played in the alleged misconduct"). Rule 9(b) does not permit such pleading and, consequently, Count V fails. *Again, Plaintiff has still not corrected the defects as to this claim with respect to PNC in his proposed SAC.*

### 5.    Count VI "Breach of Fiduciary Duty"

Plaintiff's Claim for Breach of Fiduciary Duty fails because PNC owes no fiduciary duty to Plaintiff. In Count VI of the FAC, Plaintiff alleges that Defendants "breached their fiduciary duties to the Plaintiff by fraudulently inducing Plaintiff to enter into a mortgage transaction which was contrary to the Plaintiff stated intentions; contrary to the Plaintiff's interests; and contrary to the Plaintiff's preservation of his home." FAC ¶ 118. According to Plaintiff, such fiduciary duty was owed to them by PNC because Plaintiff "reposed trust and confidence" in PNC and because Plaintiff was not a sophisticated party. *See* FAC ¶ 117.

29

It is well-settled that absent special circumstances, a borrower-lender relationship is not fiduciary in nature. *Mier*, 2011 U.S. Dist. LEXIS 8484, at *32; *see also Walters v. Fid. Mortg. Of Cal., Inc.*, Civ. No. S-09-3317 FCD/KJM, 2010 U.S. Dist. LEXIS 78531, at *45 (E.D. Cal. Aug. 4, 2010).  Plaintiff plead no facts indicating any special circumstances under which this loan transaction was different than any other between a bank and a borrower.  The bare assertion that Plaintiff reposed trust and confidence in PNC is exactly the type of conclusory pleading that *Twombly* and *Iqbal* do not permit.  Because PNC owed no fiduciary duty to Plaintiff, Plaintiff's breach of fiduciary duty claim must fail.

### 6.    Count VII "Unjust Enrichment"

Count VII of the Complaint alleges that certain unspecified Defendants violated an "implied duty" with Plaintiff to ensure that he "understood all fees which would be paid to the Loan Network and National City to obtain credit on Plaintiff's behalf to not charge any fees which are not related to the settlement of the loan and without full disclosure to Plaintiff."  *See* FAC ¶ 123.  According to Plaintiff, certain unspecified Defendants were unjustly enriched by "retain[ing] the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits including but not limited to a resale of mortgages and notes using plaintiffs identities, credit scores, and reputation without consent, right, justification, or excuse as part of an illegal enterpriser scheme ...."  *See* FAC ¶

30

124.

"To bring an unjust enrichment claim, a plaintiff must prove two elements: '(a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs.'"  *Diana I Am v. Nat'l City Mortg. Co.*, No. 09-00060 SOM/KSC, 2010 U.S. Dist. LEXIS 13606 (D. Haw. Feb. 17, 2010) (citing *Porter v. Hu*, 116 Haw. 42, 54, 169 P.3d 994, 1005 (Haw. App. (ICA) 2007)).  As an initial matter, the existence of an express contract between Plaintiff and PNC precludes recovery in unjust enrichment.  *See AAA Haw., LLC v. Haw. Ins. Consultants, Ltd.*, No. 08-00299 DAE-BMK, 2008 U.S. Dist. LEXIS 92300, at *14 (D. Haw. Nov. 12, 2008) (applying Hawaii law to dismiss unjust enrichment claim where the claim was "precluded by the existence of a contract governing the subject matter").  Plaintiff does not dispute that the Note and Mortgage were valid and existing contracts.

Further, Plaintiff has failed to plead any facts that show the existence of an implied contract, nor does he allege when and with whom it was entered. Moreover, Plaintiff is missing an essential element of an unjust enrichment claim in that he fails to allege any "benefit" PNC allegedly received.  Plaintiff fails to allege sufficient facts to support his claim for unjust enrichment and, thus, Count XII fails.

### 7.    Count XII "Mistake"

Plaintiff fails to assert any facts to support a plausible claim for rescission

31

based on the theory of mistake.  Plaintiff seeks rescission of the Note and Mortgage based on mistake.  FAC ¶ 162.  To succeed on this claim, a plaintiff must show: (1) a mistake regarding the basic assumption of the contract; (2) the mistake had a material, adverse effect on the contract; (3) plaintiff did not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable.  *Maria Moreno White v. Autozone, No. 04-56824*, 2006 U.S. App. LEXIS 32168, at *630 (9th Cir. Dec. 27, 2006).

Plaintiff fails to allege even a single fact regarding mistake *vis-à-vis* PNC.  At most, Plaintiff asserts a conclusory statement that "the transaction was entered into based upon mutual mistake."  FAC ¶ 162.  This pleading is not sufficient under *Twombly* and *Iqbal*.  Accordingly, this claim fails.

### 8.   Count XIII "Unconscionability"

Plaintiff fails to state a claim for unconscionability in Count XIII because unconscionability is a well-established contract <u>defense</u>; it is not an affirmative claim for relief.  *See Laster, et al. v. AT&T Mobility L.L.C.*, No. 08-56394, 2009 U.S. App. LEXIS 23599, at *853 (9th Cir. Oct. 27, 2009).  Unconscionability may be raised as a defense in a contract claim, but it does not constitute an affirmative claim on its own.  *See Mier*, 2011 U.S. Dist. LEXIS 8484, at *36.  Thus, it cannot be raised here.

Plaintiff also fails to allege any facts against PNC regarding this claim.

Rather, Plaintiff merely makes generic, conclusory statements regarding unspecified Defendants, "who held superior bargaining power over Plaintiff." FAC ¶ 165. Such pleading is insufficient under *Twombly* and *Iqbal*. Moreover, Plaintiff's failure to understand the terms of the loan transaction does not, of itself, render the contract unconscionable. Plaintiff has failed to allege any facts that would render the Loan terms unconscionable. As a result, Plaintiff's claim for unconscionability fails.

### 9. Count XIV "Unfair and Deceptive Acts or Practices"

Plaintiff's Unfair and Deceptive Acts or Practices ("UDAP") claim in Count XIV fails because the allegations in the FAC do not satisfy the pleading standard set forth in *Twombly* and *Iqbal*. Without distinguishing which Defendant, Plaintiff alleges that Defendants engaged in the following acts that violate HRS §§ 480-2(a) and/or 481A-3, each of which purportedly constitute an unfair or deceptive act or practice:

- Targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products;

- Failing to adequately disclose the true costs and risks of the subject loan and its/their inappropriateness for Plaintiff;

- Falsifying the amount of Plaintiff's income and source of income on the application it prepared;

33

- Failing to disclose that lender approved the subject loan based on Defendants' misrepresentation regarding Plaintiff's ability to repay the loan;

- Falsely representing the amount Plaintiff was required to pay;

- Failing to separately disclose the fees and charges imposed in connection with the First Loan and the Second Loan; and

- Failing to disclose that paying off the existing mortgage loan would require payment of a prepayment penalty.

FAC ¶¶ 173-179. Plaintiffs further alleges that the unspecified Defendants' alleged violations of TILA constitute unfair and deceptive acts in violation of HRS §§ 480-2(a) and/or 481A-3. *See* FAC ¶ 172.

While FRCP Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. 544). To survive a motion to dismiss, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

Here, the FAC fails to state facts regarding the specific acts PNC is alleged to have committed, and when and how they occurred. In addition, to the extent Plaintiff's UDAP claim relies on his TILA allegations, the UDAP claim fails: (1)

34

because the allegations are insufficiently pled; and (2) because a state law claim based upon a TILA violation is preempted by federal law. *See Kajitani v. Downey Sav. & Loan Ass'c.*, 647 F. Supp.2d 1208, 1220 (D. Haw. 2008) ("the claims … are preempted because they are premised on alleged TILA violations."). Accordingly, Plaintiff's UDAP claim fails. *Again, Plaintiff's proposed SAC, which continues to assert this claim against PNC, is equally deficient for the same reasons stated above.*

### 10.   Count XV "Failure to Act in Good Faith"

Plaintiff alleges that certain unspecified Defendants did not act in good faith because they failed to advise him that, among other things, he "was not financially qualified for the loan" and of "the likelihood of the value of the Property falling." However, such claims involve pre-contract negotiations, and not the terms of the contract. The "duty [to act in good faith] does not extend to the formation of a contract." *Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 488 F.Supp.2d 1071, 1079 (D. Haw. 2006). As one court explained:

> [t]o the extent that Plaintiff's implied covenant of good faith claim is based on Defendants' failure to make disclosures regarding the loan and Plaintiff's ability to pay, it fails. This is conduct that would have occurred prior to the signing of the loan agreement (*i.e.* prior to the existence of the loan agreement). Since the complained of conduct occurred prior to the contract's existence, the cause of action fails.

*Gonzalez v. First Franklin Loan Services*, 2010 WL 144862, at *17 (E.D. Cal. Jan.

11, 2010).

Further, the breach of an implied covenant of good faith and fair dealing is not an independent cause of action recognized under Hawaii law. *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., et al.*, No. 06-00446 JMS/LEK, 2006 U.S. Dist. LEXIS 78335, at \*1037 (D. Haw. Oct. 25, 2006). Because this is not an independent cause of action in Hawaii, Plaintiff cannot rely on this claim alone. *Id.*

To the extent Plaintiff's allegations are merely fraudulent misrepresentation claims, they must be pled with particularity -- which Plaintiff has failed to do. Accordingly, Plaintiff's claim fails.

### 11.   Count XVIII "Negligent and/or Intentional Infliction of Emotional Distress"

#### a.   Plaintiffs fail to state a claim for Negligent Infliction of Emotional Distress.

Plaintiff fails to establish sufficient facts to state a claim for negligent infliction of emotional distress. To establish a claim for negligence in Hawaii law, Plaintiff must demonstrate: (1) a duty to conform to a certain standard of conduct, (2) a breach of the duty, (3) a causal connection between the breach and the injury, and (4) damage to plaintiff. *Young*, 2010 U.S. Dist. LEXIS 17474, at \*15. Plaintiff has failed to show what duty was owed to him by PNC. Further, Plaintiff fails to allege how this duty was breached. Even if Plaintiff has sustained injuries,

he has failed to allege how PNC caused this injury. Because Plaintiff fails to allege how PNC has been negligent in any way, Plaintiff's claim for negligent infliction of emotional distress fails.

### b.   Plaintiff fails to state a claim for Intentional Infliction of Emotional Distress.

Plaintiff has failed to allege the elements of a prima facie case of intentional infliction of emotional distress: (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) suffering of severe emotional distress by the plaintiff; and (3) causation. *David Burke, et al. v. County of Alameda*, No. 08-15658, 2009 U.S. App. LEXIS 24705, at *219 (9th Cir. Nov. 10, 2009). The FAC fails to allege facts that would show extreme and outrageous conduct on the part of PNC – the first element of this claim. Moreover, even if Plaintiff has suffered emotional distress, he has not alleged how his emotional distress is the result of PNC's conduct. Thus, Plaintiff's claim fails. *Again, Plaintiff's proposed SAC, which continues to assert this claim against PNC, is equally deficient for the same reasons stated above.*

## V.   CONCLUSION

The FAC prepared by Attorney Horner, much like his original Complaint, contains claims that lack an identifiable basis in fact, are not supported by existing law, and do not extend, modify or reverse existing law. Indeed, the FAC asserts

the type of frivolous claims that Rule 11 was created to protect against.  *The same defects and violations continue in Plaintiff's proposed SAC.*   Based on the foregoing, PNC respectfully requests that the Court impose Rule 11 sanctions against Plaintiff and his attorney, Robin R. Horner.  Said sanctions should include PNC's reasonable attorney's fees and costs incurred in defending itself against these frivolous claims.

DATED: Honolulu, Hawaii, September 30, 2011.

_____
DAVID B. ROSEN
LAUREN M. AKITAKE
Attorneys for Defendant
PNC BANK, NATIONAL ASSOCIATION, successor
by merger to National City Mortgage, a division of
National City Bank